1  JEFFREY M. LENKOV, ESQ. (SBN 156478)
   SEVAN GOBEL, ESQ (SBN 221768)
2  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, California 90017
   Telephone: (213) 624-6900
5  Facsimile:  (213) 624-6999

6  Attorneys for Defendant, MACY'S DEPARTMENT STORES, INC. (erroneously
   sued and served as MACY'S INC.)

7

8             **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRIAN ROLAND,                    Case No.: 2:11-cv-05680-DMG-PJW
                                     **[Assigned to Judge Dolly M. Gee -**
12              Plaintiff,           **Department 7]**

13  vs.                             **JOINT REPORT OF EARLY**
                                    **MEETING OF COUNSEL**
14                                  **[Fed. R. Civ. P. 26(f)]**

15  MACY'S INC., and DOES
    1 to 10,
16  inclusive,                      *Complaint Filed:* 12/30/10

17
                Defendants.
18

19  _____

20

21      Plaintiff   BRIAN   ROLAND   ("plaintiff")   and   Defendant   MACY'S

22  DEPARTMENT STORES, INC("defendant"), by and through their attorneys of record,

23  hereby submit the following Joint Report, pursuant to Federal Rules of Civil Procedure,

24  Rule 26(f)  and Local Rule 26-1, following their meeting on August 8, 2011. The

25  following persons attended the meeting: Elizabeth Bendana, Counsel for Plaintiff, and

26  Sevan Gobel, Counsel of Defendant.

27  ///

28  ///

**A.    Plaintiff's Synopsis of the Case:**

In his complaint, plaintiff alleges that on January 2, 2009, he fell as a result of a dangerous condition while at the premises of defendant located at 401 S. Lake Avenue, Pasadena, California. Plaintiff claims that the defective condition on the subject premises was "uneven/misleveled concrete pavement." As a result of the subject incident, plaintiff claims that he sustained an injury to his left ankle and foot, as well as emotional and mental distress and anxiety.  Plaintiff claims that he continues to have pain in his left ankle and foot, as well as emotional and mental distress and anxiety.

**B.    Key Legal Issues/Subject On Which Discovery May Be Needed:**

The key legal issues identified by the parties at this time are as follows:

1.    Whether or not defendant was responsible for maintaining, repairing, replacing and/or reconstructing the area where the alleged "uneven/misleveled concrete pavement" is located.

2.    Whether or not the alleged "uneven/misleveled concrete pavement" created a dangerous condition.

3.    Whether the alleged "uneven/misleveled concrete pavement" is classified as a trivial defect.

4.    Whether defendant had actual and/or constructive notice of the alleged dangerous condition.

5.    Whether the alleged "uneven/misleveled concrete pavement" was an open and obvious condition.

6.    Whether the alleged "uneven/misleveled concrete pavement" caused plaintiff's fall.

7.    Identification of the party who was responsible for maintaining, repairing, replacing and/or reconstructing the area where the alleged "uneven/misleveled concrete pavement" is located.

///

### C.  Percipient Witnesses and Key Documents on Key Legal Issues:

Plaintiff's Percipient Witnesses:

1.     Plaintiff Brian Roland

2.     Witness Debora Roland.

3.     Witness John Byron.


Plaintiff's Key Documents:

1.     Recorded statement from plaintiff Brian Roland taken on or about January 12, 2009.

2.     Recorded statement from witness John Byron taken on or about March 28, 2009.

3.     Recorded statement from defendant's former employee Luis Alvarez taken on or about January 19, 2009.

4.     Photographs depicting the premise(s) at issue and plaintiff's injuries.

5.     The two (2) photographs believed to depict the scene of the alleged incident taken by an unknown individual on an unknown date for defendant.

6.     Any and all of Defendant's Incident Reports related to this matter.

7.     Plaintiff's medical reports, records and bills.

8.     Expert reports and declarations.


Defendant's Percipient Witnesses:

1.     Defendant's former employee Luis Alvarez [last known address is 298 East Villa St. #D, Pasadena, CA 91101 and telephone number is (626) 584-6310]

2.     Defendant's employee Sabrina Espinoza.


Defendant's Key Documents:

1.     Recorded statement from plaintiff Brian Roland taken on or about January 12, 2009.

2.    Recorded statement from witness John Byron taken on or about March 28, 2009.

3.    Recorded statement from defendant's former employee Luis Alvarez taken on or about January 19, 2009.

4.    The twenty-two (22) photographs identified and produced by plaintiff in response to discovery.

5.    The two (2) photographs believed to depict the scene of the alleged incident taken by an unknown individual on an unknown date for defendant.

6.    The confidential and privileged Incident Report prepared by defendant's employee Sabrina Espinoza on or about January 7, 2009.

7.    Plaintiff's subpoenaed records from the currently known health care providers.

8.    The lease between defendant and Shops on Lake, LLC

## D.    Range of Provable Damages:

Plaintiff claims past medical specials of approximately $15,594.91 and future medical specials of approximately $15,000.00. Plaintiff claims that his actual damages suffered as a result of the incident identified in the complaint exceeds the sum of $75,000.00, exclusive of any costs or interest claimed by plaintiff.

## E.    Insurance Coverage:

Defendant is self-insured up to $1,000,000 per occurrence and has excess insurance coverage through Liberty Mutual (policy no. EBI 681-004060-768).

## F.    Likelihood of Motions to Add Parties, Filed Amended Pleadings and Motions to Transfer Venue:

Defendant is investigating the need to file a motion to add Shops on Lake, LLC as a possible party to this action pursuant to the lease between defendant and Shops on Lake, LLC. In order to determine the viability of any indemnity, contribution and/or declaratory relief claims against Shops on Lake, LLC, defendant needs to conduct the

depositions of plaintiff and plaintiff's witnesses (i.e. Debora Roland and John Byron).

Plaintiff is investigating the need to file a motion to add new defendants, including Shops on Lake, LLC, then file a motion to remand based upon destruction of diversity jurisdiction. Accordingly, defendant's discovery responses to plaintiff's anticipated written discovery in Federal Court may disclose new defendants necessitating plaintiff to add new defendants and file a motion to remand based upon destruction of diversity jurisdiction.

### G.   Status of Discovery and Schedule for Future Discovery:

The parties exchanged initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1).

While this matter was pending in State Court, defendant received plaintiff's responses to discovery after receiving an extension of thirty (30) days and subpoenaed plaintiff's medical records from the identified health care providers. Defendant is in the process of reviewing the records subpoenaed prior to the case being removed to Federal Court and will issue follow-up subpoenas pursuant to the Federal Rules of Civil Procedure if needed.

On May 13, 2011, Plaintiff propounded on defendant the following written discovery: Request for Admissions; Request for Production of Documents and Inspection; Judicial Council Form Interrogatories;  Special Interrogatories. Accordingly, June 17, 2011 was the statutory deadline for defendant's responses to plaintiff's written discovery.

On June 16, 2011, Plaintiff granted defendant's request for a 30-day extension, or until July 18, 2011, within which to respond to plaintiff's written discovery.

On June 23, 2011, Plaintiff served notice of the deposition of Defendant's employee who was present at the scene of the incident, and a notice of the deposition of Defendant's Person Most Qualified.

On July 11, 2011 Defendant advised plaintiff by electronic mail that they removed this matter to Federal court and as such they allege to not be obligated to respond to

plaintiff's written discovery because "...court discovery (i.e. form interrogatories, special interrogatories, request for production of documents and request for admissions) and deposition notices no longer apply. [See *Visicorp v. Software Arts, Inc.* (1983) 575 F.Supp. 1528, 1531—"Whether or not such discovery is lodged with the state court, it is not a matter which remains with any force or effect after removal"]."  Defendant contends that defendant's above-referenced electronic mail is a proper objection and that defendant has no duty to respond to plaintiff's state discovery because the case had been removed to Federal Court.

On or about July 12, 2011, the case was removed to Federal Court.

As a result, the parties are in the process of propounding initial discovery pursuant to Federal Rule of Civil Procedure.  The parties anticipate completing depositions by January 2, 2012.

**H.   Proposed Discovery Plan:**

The parties intend to conduct discovery as detailed below.

Depositions

    1.   Plaintiff Brian Roland.

    2.   Witness Deborah Roland.

    3.   Witness John Byron.

    4.   Defendant's former employee Luis Alvarez.

    5.   Defendant's employee Sabrina Espinoza.

    6.   Plaintiff's treating physicians after receiving subpoenaed records.

    7.   Plaintiff's retained experts.

    8.   Defendant's retained experts.

///

///

///

Written Discovery

    1.      Interrogatories from plaintiff to defendant.

    2.      Interrogatories from defendant to plaintiff.

    3.      Requests for production of documents from plaintiff to defendant.

    4.      Requests for production of documents from defendant to plaintiff.

    5.      Requests for admission from defendant to plaintiff.

    6.      Requests for admission from plaintiff to defendant.

Defense Medical and/or Mental Examinations

    1.      Physical examination by an orthopedic surgeon.

    2.      Mental examination by a psychologist or psychiatrist.

Defendant's Proposed Deadlines

    1.      Fact/Percipient Witness Discovery Cutoff: July 6, 2012.

    2.      Expert disclosures: June 4, 2012.

    3.      Rebuttal Expert Disclosures: June 22, 2012.

    4.      Expert Discovery Cutoff: July 23, 2012.

Plaintiff's Proposed Deadlines

    1.      Fact/Percipient Witness Discovery Cutoff: July 6, 2012.

    2.      Expert disclosures: June 4, 2012.

    3.      Rebuttal Expert Disclosures: June 22, 2012.

    4.      Expert Discovery Cutoff: July 23, 2012.

**I.**     **Proposed Discovery Cutoff:**

The parties proposed discovery cutoff date is July 6, 2012.

///

///

**J.     Issues on Motions for Summary Judgment and Motions in Limine:**

Defendant anticipates filing a Motion for Summary Judgment. The issues addressed in the motion for summary judgment will revolve around plaintiff's inability to establish all of the elements for a viable cause of action for negligence and the defenses of trivial defect and/or open and obvious doctrines.

The parties anticipate filing standard Motions in Limine at this time.

**K.     Proposed Schedule for Law and Motion Matters:**

Plaintiff's Proposed Schedule

    1.    Deadline for filing dispositive motions: Pursuant to FRCP

    2.    Deadline for filing oppositions to motions: Pursuant to FRCP

    3.    Deadline for filing replies to oppositions: Pursuant to FRCP

    4.    Deadline for hearings on dispositive motions: Pursuant to FRCP

    5.    Motions in Limine: Pursuant to FRCP and local rules

Defendant's Proposed Schedule

    1.    Deadline for filing dispositive motions: Pursuant to FRCP

    2.    Deadline for filing oppositions to motions: Pursuant to FRCP

    3.    Deadline for filing replies to oppositions: Pursuant to FRCP

    4.    Deadline for hearings on dispositive motions: Pursuant to FRCP

    5.    Motions in Limine: Pursuant to FRCP and local rules

**L.     Status of Settlement Negotiations:**

Plaintiff's settlement demand on December 7, 2010 was $485,000. No settlement offers have been extended. After completing initial round of discovery and depositions of plaintiff and witnesses, the parties agree to participate in mediation prior to March 5, 2012.

**M.**   **Time Estimate For Trial:**

The parties estimate that this matter will require seven (7) days for trial.

**N.**   **Proposed Dates:**

The parties request that trial for this matter be set August 6, 2012.

**O.**   **Other Issues Affecting Case Status/Case Management:**

The parties agreed that this is not a "complex case" within the meaning of the Manual for Complex Litigation.

**P.**   **Conflict Information:**

None at this time.

Dated:  August ____12__, 2011

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Jeffrey M. Lenkov
Sevan Gobel

Attorneys for Defendant
MACY'S DEPARTMENT STORES, INC.

Dated:  August __//__, 2011

ARIEL LAW GROUP

By: _____
Frank Y. Ariel
Elizabeth Bendana

Attorneys for Plaintiff
BRIAN ROLAND